■ KAREN MANOR ASSOCIATES LLC et al., Respondents, v VIRGINIA SURETY COMPANY, INC., et al., Appellants, and ARCH INSURANCE GROUP INC., et al., Respondents. [984 NYS2d 307]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered March 4, 2013, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment declaring that, from the date of the order forward, defendants Virginia Surety Company, Inc. and Greenwich Insurance Company shall share the costs of defending them in the underlying personal injury action on a time-on-the-risk basis, granted defendants Arch Insurance Group Inc. and Arch Specialty Insurance Company's (together, Arch) motion for summary judgment dismissing the complaint as against them, and denied Virginia's motion for summary judgment declaring that it has no obligation to indemnify plaintiffs in the underlying action, declaring instead that Virginia is obligated to indemnify plaintiffs on a time-on-the-risk basis, unanimously affirmed, without costs.

The motion court correctly determined that an issue of fact exists whether the infant suffered a physical injury, i.e., sickness or disease resulting from exposure to and ingestion of lead paint, during the Virginia policy period. The motion court also correctly concluded that Arch was entitled to summary judgment dismissing the complaint. Unrefuted evidence showed that the lead paint condition was abated before the Arch policy period commenced. The April 7, 2003 notification from the New York City Department of Mental Health and Hygiene is prima facie evidence that the lead paint condition had been abated (Public Health Law § 10). In addition, plaintiff testified that repairs to correct the conditions were made in all relevant rooms in the apartment.

The motion court also correctly declined to, at this time, apportion defense or indemnification costs to the New York Liquidation Bureau (NYLB) for the liquidated nonparty Villanova Insurance Company, since it has not been brought into this action. This Court's decision in *State of N.Y. Ins. Dept., Liquidation Bur. v Generali Ins. Co.* (44 AD3d 469 [1st Dept 2007]) was properly relied upon by the motion court to conclude that the insurance companies that are before the Court in this

action should proportionately share, according to time on risk, all defense and indemnification costs, including those, if any, that may ultimately be attributable to the NYLB. The insurers retain the right to later obtain contribution from other applicable policies.

We have considered the parties' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Renwick, DeGrasse and Gische, JJ.